IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JIMMY FRANK CAMERON, )<br>#105591 )<br> )<br>  Plaintiff, )<br> )<br>VS. )<br> )<br>STATE OF ALABAMA, et al. )<br> )<br>  Defendants. ) | CASE NO.: 2:07-CV-35-WHA |

### SUPPLEMENTAL SPECIAL REPORT

**COMES NOW**, the State of Alabama, by and through **Attorney General Troy King,** and in accordance with this Honorable Court's Order of March 14, 2007, does hereby submit the following Special Report.

### PARTIES

1. The Plaintiff, Jimmy Frank Cameron, AIS# 105591, ("Mr. Cameron") is an Alabama Department of Corrections ("ADOC") inmate, who is presently incarcerated at Bullock County Correctional Facility ("Bullock") in Union Springs, Alabama.

2. Mr. Cameron has named the following Defendants:

    a. Troy King ("Attorney General King"), Attorney General of the State of Alabama.

    b. The Alabama Department of Corrections ("Corrections").

## PLAINTIFF'S ALLEGATIONS AND DEMANDS

Mr. Cameron seeks declaratory relief and alleges in his complaint that Defendants have violated his constitutional rights. Specifically, Mr. Cameron alleges:

1. Ala. Code § 15-20-20, et seq. (1975), otherwise known as "The Community Notification Act" ("the Act") violates Mr. Cameron's due process rights because application of the Act would deprive Mr. Cameron of life, liberty, property, and reputation.

2. The Act violates the "*Ex Post Facto* clause of Article 1, § 10 of the United States Constitution," by "punishing Plaintiff more than once for one crime that happened thirty years ago" and by classifying the inmate as a sex offender after his conviction.

3. The Act as applied to him violates his Eighth Amendment rights to be free from cruel and unusual punishment.

## DEFENDANTS' EXHIBITS

1. Exhibit C - Affidavit from Ann Gault, Board Operations Manager for the Alabama Board of Pardons and Paroles.

2. Exhibit D - ADOC Admin. Reg. No. 400 "Classification of Inmates," and Inmate Cameron's classification.

**DEFENDANTS' RESPONSE**

1. Mr. Cameron is no longer being considered for parole and will not be reconsidered until March of 2009.
2. Defendant Attorney General Troy King cannot provide the relief sought by Mr. Cameron.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is proper if the pleadings, affidavits and documents submitted to the court show that there is no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-250 (1986). Once the movant has established that there is no genuine issue, then the burden shifts to the non-movant to rebut the movant's prima facie showing. Celotex Corp. v. Catrett, 477 U.S. 323 (1986). Unless the non-movant can submit substantial evidence that a genuine issue of material fact does exist, the movant is entitled to summary judgment. Id. Merely submitting restated allegations of the complaint is not sufficient to meet the non-movant's burden. Morisky v. Broward County, 80 F.3d. 445, 448-449 (11th Cir. 1996). This case is ripe for summary judgment because there is no genuine issue of fact to Mr. Cameron's claims and the Defendants are entitled to judgment as a matter of law.

**STATEMENT OF UNDISPUTED FACTS**

Mr. Cameron is no longer being considered for parole. (Ex. C)

**ARGUMENT OF FACT AND LAW**

I.   **Claims against the Alabama Department of Corrections**

Mr. Cameron cannot maintain a claim against the Alabama Department of Corrections for classifying Mr. Cameron as a sex offender for purposes of prisoner classification. As this Court stated in <u>Black v. McDonnell</u>, 2006 WL 1180795, *2 (M.D. Ala.), a prisoner "has no constitutional right to a specific classification and/or security status, correctional officials may change his classification for a good reason, a bad reason, or no reason at all."

II.  **Claims against Attorney General Troy King.**

Mr. Cameron cannot maintain a claim against Attorney General Troy King for classifying Mr. Cameron as a sex offender for purposes of prisoner classification because the classification is determined solely by ADOC. (Ex. D). See also <u>Black</u>, above.

Moreover, Mr. Cameron has failed to state a claim against Attorney General Troy King upon which relief may be granted. To be successful in this action, Mr. Cameron must show that he "has sustained, or is in immediate danger of sustaining, a direct injury as the result of that act." <u>National Viatical, Inc. v. Oxendine</u>, 2006 WL 1071839, *5 (11th Cir. 2006) (citing <u>National Advertising Co. v. City of Miami</u>, 402 F.3d 1335, 1339 (11th Cir. 2005). As noted, Mr. Cameron is no longer being considered for parole and will not be reconsidered until March of 2009. If

4

Mr. Cameron ultimately refuses to register as a sex offender, he will not be eligible for parole and will not be released from prison prior to registering as a sex offender until he has served out his entire sentence. Ala. Code §15-20-22 Until then, Mr. Cameron cannot be in violation of the Act. Ala. Code §15-20-22.  The Attorney General will not prosecute Mr. Cameron for a crime that he has yet to commit. Therefore, Mr. Cameron's claim against Attorney General Troy King is not ripe.

## CONCLUSION

Based on the foregoing, Defendants by and through Attorney General Troy King respectfully request that this court consider treating this Supplemental Special Report as a Motion for Summary Judgment, and enter judgment in favor of the Defendants

RESPECTFULLY SUBMITTED,

TROY KING
ATTORNEY GENERAL
KIN047


/s/ *Joshua S. Bearden*_____
Joshua S. Bearden (BEA 070)
ASSISTANT ATTORNEY GENERAL
Counsel for Defendants

OF COUNSEL:

OFFICE OF THE ATTORNEY GENERAL
11 South Union Street
Montgomery, AL  36130
(334) 242-7300
(334) 242-2433 (fax)

## CERTIFICATE OF SERVICE

      I hereby certify that I have, this 26th day of March, 2007, served a copy of the foregoing on the plaintiff, by placing same in the United States Mail, postage prepaid and properly addressed as follows:

    Jimmy Frank Cameron, #105591
    Bullock County Correctional Facility
    104 Bullock Drive-P.O. Box 5107
    Union Springs, AL 36089

    Mr. Paul Whaley
    Director of Classification
    Alabama Department of Corrections
    P.O. Box 301501
    Montgomery, Alabama 36130

    Mr. Kim Thomas
    Legal Division
    Alabama Department of Corrections
    Montgomery, Alabama 36130

                                      /s/ *Joshua S. Bearden*
                                        OF COUNSEL

STATE OF ALABAMA )
)
MONTGOMERY COUNTY )

## AFFIDAVIT

**BEFORE ME**, the undersigned authority for said County and State, personally appeared **Ann W. Gault**, who is known to me, and after being duly sworn, deposed and said as follows:

My name is **Ann W. Gault**. I am employed as the Board Operations Manager with the Alabama Board of Pardons and Paroles. In that capacity, among other duties, I am the Custodian of the parole files.

The attached Board Order, dated March 6, 2007, is a true and correct copy taken from the parole file of Jimmy Frank Cameron, AIS# 105591S. The Board Order shows that Jimmy Frank Cameron was considered for parole consideration on March 6, 2007, in open public meeting, where he was denied parole and reset for March of 2009.

_____
ANN W. GAULT
BOARD OPERATIONS MANAGER

**SWORN TO AND SUBSCRIBED** before me this 5th day of March 2007.

_____
NOTARY PUBLIC
Commission Expires: 4-6-10

EXHIBIT C

STATE BOARD OF PARDONS AND PAROLES
MONTGOMERY, ALABAMA

ACTION BY THE BOARD

NAME CAMERON JIMMY FRANK    AIS# 105591                DOCKET 03/2007
                                                       1/3    11/27/2001
PAROLE IS THIS DAY ORDERED _____ BY:

MY REASONS FOR FAVORING PAROLE OF THE PRISONER ARE AS FOLLOWS:
_____ SUBJECT HAS SERVED SUFFICIENT PORTION OF SENTENCE.
_____ INVESTIGATION HAS BEEN MADE OF SUBJECT.
_____ SUBJECT'S PAROLE PROGRAM IS ACCEPTABLE.
_____ PRISON AUTHORITY REPORT IS SATISFACTORY.
_____ UPON ACCEPTANCE BY (STATE OF)
_____ I AM OF THE OPINION THAT THERE IS A REASONABLE PROBABILITY THAT
       IF THE PRISONER IS RELEASED, (HE/SHE) WILL LIVE AND REMAIN AT
       LIBERTY WITHOUT VIOLATING THE LAW, AND THAT (HIS/HER) RELEASE
       IS NOT INCOMPATIBLE WITH THE WELFARE OF SOCIETY.
_____ INTERVIEWING PAROLE OFFICER RECOMMENDS.
_____ OTHER_____

MEMBER _____ DATE _____

MY REASONS FOR FAVORING PAROLE OF THE PRISONER ARE AS FOLLOWS:
_____ SUBJECT HAS SERVED SUFFICIENT PORTION OF SENTENCE.
_____ INVESTIGATION HAS BEEN MADE OF SUBJECT.
_____ SUBJECT'S PAROLE PROGRAM IS ACCEPTABLE.
_____ PRISON AUTHORITY REPORT IS SATISFACTORY.
_____ UPON ACCEPTANCE BY (STATE OF)
_____ I AM OF THE OPINION THAT THERE IS A REASONABLE PROBABILITY THAT
       IF THE PRISONER IS RELEASED, (HE/SHE) WILL LIVE AND REMAIN AT
       LIBERTY WITHOUT VIOLATING THE LAW, AND THAT (HIS/HER) RELEASE
       IS NOT INCOMPATIBLE WITH THE WELFARE OF SOCIETY.
_____ INTERVIEWING PAROLE OFFICER RECOMMENDS.
_____ OTHER_____

MEMBER _____ DATE _____

MY REASONS FOR FAVORING PAROLE OF THE PRISONER ARE AS FOLLOWS:
_____ SUBJECT HAS SERVED SUFFICIENT PORTION OF SENTENCE.
_____ INVESTIGATION HAS BEEN MADE OF SUBJECT.
_____ SUBJECT'S PAROLE PROGRAM IS ACCEPTABLE.
_____ PRISON AUTHORITY REPORT IS SATISFACTORY.
_____ UPON ACCEPTANCE BY (STATE OF)
_____ I AM OF THE OPINION THAT THERE IS A REASONABLE PROBABILITY THAT
       IF THE PRISONER IS RELEASED, (HE/SHE) WILL LIVE AND REMAIN AT
       LIBERTY WITHOUT VIOLATING THE LAW, AND THAT (HIS/HER) RELEASE
       IS NOT INCOMPATIBLE WITH THE WELFARE OF SOCIETY.
_____ INTERVIEWING PAROLE OFFICER RECOMMENDS.
_____ OTHER_____

MEMBER _____ DATE _____

SPECIAL CONDITIONS _____
_____

CONTINUED TO _____

PAROLE IS THIS DAY DENIED    3-6-07    BY:
DATE                         MEMBER                            RESET
3/6/07                       [signature]                       3/09

3-6-07                       [signature]                       3-09
REMARKS




**State of Alabama**
# Alabama Department of Corrections
301 S. Ripley Street
P. O. Box 301501
Montgomery, AL 36130

**Bob Riley**
GOVERNOR

**Donal Campbell**
COMMISSIONER

November 10, 2004

ADMINISTRATIVE REGULATION                    OPR: CLASSIFICATION
NUMBER                           400

## CLASSIFICATION OF INMATES

**I.    GENERAL**

This Alabama Department of Corrections (ADOC) Administrative Regulation (AR) establishes responsibilities, policies, and procedures for initial inmate classification at Tutwiler Prison for Women (Tutwiler) and the Receiving and Classification Center (RCC) and for reclassification at all institutions.

**II.    POLICY**

Inmates incarcerated in the ADOC will be classified into groups by security level, custody, and program needs as defined in the ADOC Classification Manual. The ADOC Classification Manual is the document of direction in all matters of inmate classification and procedures thereunto.

**III.    DEFINITION(S) AND ACRONYM(S)**

A.    Central Review Board (CRB): The CRB is composed of Central Classification Division Classification Supervisors who review the security level, custody, and placement recommendations for inmates made by institutional classification specialists and supervisors, for approval, denial, or amendment.

B.    Receiving and Classification Center (RCC): The Receiving and Classification Center for male inmate is located at the Kilby Correctional Institution, for female inmates it is located at Tutwiler Prison for Women.

C.    Job Board: The institutional Job Board will be composed of the Warden or designee, ICS Officer, Job Supervisors, Classification Personnel where available, and other personnel as required to be designated by the institutional standard operating procedures (SOPs) to consider initial inmate job assignments, inmate job changes, and any other institutional inmate assignment as deemed appropriate. The Warden is ultimately responsible for all decisions made by the institutional Job Board.

D.    ICS: Inmate Control System


EXHIBIT D

    E.    <u>Institutional Classification Committee</u>: This committee reviews the security level, custody, and placement of inmates at the institution and submits their recommendations to the CRB. This committee is made up of a Classification Specialist, a Warden or designee, and a Psychologist Associate if a Psychologist is unavailable.

    F.    <u>Classification</u>: The process of sorting inmates into groups by security level, custody, and program needs using interviews, tests, scoring instruments, and behavior records as well as official court documents and reports from police and other criminal justice agencies.

    G.    <u>Reclassification</u>: The process of periodically reviewing the progress of inmates to determine what, if any, revisions should be made to the placement of inmates within a particular group as to security level, custody, and/or program.

    H.    <u>Security Levels</u>: The rating assigned to the various institutions and placement options within the ADOC and to inmates through classification procedures for the purpose of placement within the ADOC.

    I.    <u>Custody Levels</u>: A level of supervision required for an inmate at the institution, within the ADOC, where the inmate is confined. An inmate can be assigned a custody level of maximum, close, medium, minimum-in, minimum-out, or community.

## IV. **RESPONSIBILITIES**

    A.    The Deputy Commissioner of Operations is responsible for the classification function.

    B.    The Director of Classification is responsible for:

        1.    Implementing and evaluating plans and programs for classification.

        2.    Reviewing and drafting classification regulations.

        3.    Implementing policy and procedures.

        4.    Supervising Central Review Board (CRB).

        5.    Advising institutional classification staff.

        6.    Developing and updating the classification manual.

    C.    The Assistant Director of Classification is responsible for assisting the Director of Classification at both the central and institutional offices.

    D.    The CRB is responsible for reviewing and determining the final action to be taken

           on recommendations for institutional security levels, custody levels, program needs, and assignment of inmates as recommended by the institutional classification committee.

    E.    The responsibilities of the Warden or designee to the classification committee include input to classification decision-making based upon the offender's behavior which might affect custody and security level.

## V. PROCEDURES

    A.    Initial Receiving and Central Classification at RCC and Tutwiler:

        1.    The institutional Classification Supervisor is responsible for the coordination of the reception, admission, and processing of inmates received at RCC and Tutwiler and for the ongoing classification of inmates.

        2.    The classification committee, headed by the classification specialist or supervisor, is responsible for providing orientation, scheduling interviews, processing procedures, data compilation and entry, and recommendations consistent with the Classification Manual.

        3.    The Psychologist or Psychologist Associate are responsible for the following:

            a.    Performing psychometric evaluation of inmates.

            b.    Conducting interviews as appropriate.

            c.    Assembling relevant information to the inmate's probable adjustment.

            d.    Providing recommendations for assignment and treatment.

            e.    Serving as a member of the institutional classification committee.

    B.    Institutional Reclassifications:

        1.    The Classification Supervisor, in accordance with the Classification Manual shall:

            a.    Implement the classification system as set forth in the Classification Manual.

            b.    Supervise the institutional classification staff.

        2.    The Classification Specialist is the chairperson for the institutional reclassification committee and shall:

      a. Schedule annual reclassification and other reclassification (progress review) dates.

      b. Obtain and verify all of the information used in the progress reviews.

      c. Provide inmates with the information regarding all classification matters.

      d. Providing recommendations for assignment and treatment.

      e. Serving as a member of the institutional classification committee.

3. Reasons for reclassification prior to the annual date include, but are not limited to:

      a. The receipt of new information or circumstances which may warrant a change in custody level or institution assignment (such as new convictions or detainers).

      b. The inmate has completed a recommended program and requires updated recommendations.

      c. The Warden directs review of the inmate's status for administrative purposes.

      d. The inmate's current disciplinary conviction record suggests the need for increased supervision.

## VI. DISPOSITION

Any forms will be disposed of and retained according to the Departmental Records Disposition Authority (RDA).

## VII. FORMS

The forms prescribed in this regulation may be found in the ADOC Classification Manual.

## VIII. SUPERCEDES

This regulation supercedes AR 400, dated April 10, 1985, and AR 401, dated April 3, 1985, and all changes.

## IX. PERFORMANCE

    A. Code of Alabama, 1975, Section 14-1-1

B.    ADOC Classification Manual

*[signature]*
Donal Campbell, Commissioner

```
                        ALABAMA DEPARTMENT OF CORRECTIONS         INST:   045
283715-3                INMATE SUMMARY AS OF 11/20/2006           CODE: CORVK

***************************************************************************

AIS: 00155915   INMATE: CAMERON, JIMMY FRANK              RACE: W  SEX: M

INST: 045 - BULLOCK CORRECTIONAL FACILITY    DORM: DD  JAIL CR: DDY DDM 18D

DOB: 12/30/1949   SSN: 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

ALIAS: CAMERON, JIMMY                ALIAS: CAMERON, JIMMY F

ADM DT: 12/15/1991  DEAD TIME: DDDY DDM DDD

ADM TYP: LIFE SENTENCE                  STAT: REMOVED FROM SEGREGATION

CURRENT CUST: MED-9   CURRENT CUST DT: 04/01/2005   PAROLE REVIEW DATE: MAR 2007

SECURITY LEVEL: (4) FOUR

SERVING UNDER ACT446 LAW IN CLASS IV        CURRENT CLASS DATE:  12/15/1991
INMATE IS EARNING : PROHIBITED FROM EARNING GOODTIME

COUNTY       SENT DT   CASE NO.  CRIME                        JU-CR      TERM
FRANKLIN     12/16/91  N9130033  BURGLARY II                  0018       LIFE     CS
      ATTORNEY FEES : $001955       HABITUAL OFFENDER : N
      COURT COSTS   : $000343       FINES : $0000000    RESTITUTION : $0000050
LIMESTONE:   03/28/97  N97000035  PROM PRISON CNTRBND II        * 0000   002Y 00M 00D CC

  TOTAL TERM        MIN REL DT       GOOD TIME BAL      GOOD TIME REV     LONG DATE
    LIFE            00/00/0000                                            99/99/9999

INMATE LITERALS
***************************************************************************

DETAINER WARRANTS SUMMARY
    INMATE CURRENTLY HAS NO DETAINER WARRANT RECORDS
***************************************************************************

ESCAPEE/PAROLE SUMMARY

    INMATE CONVICTED ON 05/08/1980 FOR ESCAPE II

PAROLED FRM   003:02/11/80  RVC=00/00/00  DELQ=02/11/80  RECAP:07/09/80  RTN:09/22/80
PAROLED FRM   050:10/23/00  RVC=02/07/01  DELQ=11/27/00  RECAP:11/02/00  RTN:11/21/00
PAROLED FRM   050:05/10/04  RVC=03/21/05  DELQ=01/31/05  RECAP:01/21/05  RTN:01/21/05

    INMATE CURRENTLY HAS NO PROBATION 754 RECORDS

    INMATE HAS NO ESCAPES FROM ADOC SINCE OBSCIS RECORDING 8
***************************************************************************

DISCIPLINARY/CITATION SUMMARY

                          CONTINUED ON NEXT PAGE
```

A

```
                        S   : DEPARTMENT OF CORRECTIO
    INITIAL              CLASSIFICATION SUMMARY              DATE-01/15/92
AIS#-00105501A    NAME-CAMERON, JIMMY FRANK          RACE-W  SEX-M
INSTITUTION-HOSPITAL                                 DOB-12/30/48
PAROLE CONSIDERATION DATE-00/00                      SSN-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
ALIAS-CAMERON, JIMMY
EMERGENCY ADDRESS-RT 1 BOX 417           TUSCUMBIA              AL
HAIR-BRO        EYES-GRN        HEIGHT-5FT10IN    WEIGHT-143LB
CURRENT CUSTODY-QUR9            HIGHEST GRADE LEVEL COMPLETED-09  GED
PRI OCCUPATION-LABORER - GENERAL
SEC OCCUPATION-................................................
MIN RELEASE DATE-99/99/9999     LONG RELEASE DATE-99/99/9999
```

## CURRENT CONVICTIONS

| DATE | CRIME | TERM | CS/CC | HO | RST. | FEES |
|---|---|---|---|---|---|---|
| 12/16/91 | BURGLARY II | 999Y99M99D | CS | N | 0000050 | 000000 |

VICTIM INFO- *burg of residence* .

## DETAINERS

NO ACTIVE DETAINERS FOUND ON FILE.

POSSIBLE DETAINERS- *none per sheriff dept* .

## PRIOR CONVICTIONS

| DATE | CRIME | TERM | CS/CC | HO | RST. | FEES |
|---|---|---|---|---|---|---|
| 02/03/72 | BURGLARY II (OLD CODE/PRIOR JA | 008Y00M00D | CS | | 0000000 | 000000 |
| 05/14/76 | CRIME AGAINST NATURE/SODOMY/RE | 010Y00M00D | CS | | 0000000 | 000000 |
| 05/08/80 | BURGLARY III | 005Y00M00D | CC | | 0000000 | 000000 |

CAMERON, JIMMY F                                    CONTINUED

| 05/08/80 | ESCAPE II | 005Y00N000 | CC | 0000000 | 000000 |
| 05/08/80 | PROMOTING PRISON CONTRABAND I | 005Y00N000 | CC | 0000000 | 000000 |
| 05/08/80 | ARSON II (OLD CODE/PRIOR JAN | 005Y00N000 | CC | 0000000 | 000000 |

POSSIBLE OUT OF STATE CONVICTIONS- *none listed*........

---

## ESCAPES

NO ESCAPE RECORDS FOUND ON FILE

OTHER THAN STATE ESCAPES/ESCAPE BEHAVIOR- *escape Lawrence Co. jail no force, 1980, no gun.*

---

## PAROLE & PROBATION

NO P&P RECORDS FOUND ON FILE

---

## DISCIPLINARIES

NO DISCIPLINARIES FOUND ON FILE

---

## KNOWN ENEMIES

NO ENEMIES FOUND FOR THIS INMATE

POSSIBLE ENEMIES- *None, Jimmy F. Cameron 1-24-92*

PSYCHOLOGICAL COMMENTS-........

PHYSICAL COMMENTS- *Class I, per name at ecl-108*

NAME AND ADDRESS OF FAMILY MEMBERS

SPOUSE- *deceased*

CAMERON, JIMMY FF                                    CONTINUED

FATHER- William Cameron          Alex City, AL.
MOTHER- Lenore      "            Russellville, "
SIBLINGS- Carolyn  Viner  45

CHILDREN- Rebecca R.   Wesley W.

============================================================

Leatts Anis 41,        446-5041   Leighton, AL.
Patricia Cameron  40
Elsie         "    39