IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JIMMY FRANK CAMERON, #105591,    )
                                 )
            Plaintiff,           )
                                 )
    v.                           )            CASE NO. 2:07-CV-35-WHA
                                 )                    [WO]
                                 )
ATTORNEY GENERAL TROY KING,      )
                                 )
            Defendant.           )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Jimmy Frank Cameron ["Cameron], a
state inmate, challenges the constitutionality of the Alabama Community Notification Act,
*Ala. Code* 1975 § 15-20-20 et seq. (1975, as amended) ["the Act"].  Specifically, Cameron
asserts that the Act is unconstitutional as he is being "punish[ed] ... more than once for 1
crime that happen 30 years ago...." *Plaintiff's Complaint* at 3.  Cameron further challenges
the constitutionality of his internal classification as a sex offender based on his 1976
conviction for a crime against nature (sodomy) which occurred during his incarceration at
the Holman Correctional Facility.

Defendant King filed a special report, supplemental special report and supporting
evidentiary materials addressing Cameron's claims for relief.  Pursuant to the orders
entered herein, the court deems it appropriate to treat this report as a motion for summary
judgment. *Order of March 26, 2007 - Court Doc. No. 15*.  Thus, this case is now pending

on the defendant's motion for summary judgment.  Upon consideration of this motion, the

evidentiary materials filed in support thereof and the plaintiff's responses to the motion, the

court concludes that defendant King's motion for summary judgment is due to be granted.

## I.  STANDARD OF REVIEW

To survive the defendant's properly supported motion for summary judgment,

Cameron is required to produce "sufficient [favorable] evidence" which would be

admissible at trial supporting his claims of constitutional violations.  *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*.

Specifically, he must "go beyond the pleadings and ... designate 'specific facts showing that

there is a genuine issue for trial.'"  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  "If

the evidence [on which the nonmoving party relies] is merely colorable ... or is not

significantly probative ... summary judgment may be granted."  *Anderson v. Liberty Lobby*,

477 U.S. at 249-250.  "A mere 'scintilla' of evidence supporting the opposing party's

position will not suffice; there must be enough of a showing that the [trier of fact] could

reasonably find for that party.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505,

2512, 91 L.Ed.2d 202 (1986)."  *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir.

1990).  A plaintiff's conclusory allegations similarly do not provide sufficient evidence to

oppose a motion for summary judgment.  *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir.

1995); *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984).  Thus, when a

plaintiff fails to make a showing sufficient to establish the existence of an element essential

to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts....  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Consequently, where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to requisite material fact); *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001) (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his

favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). In this case, Cameron has failed to demonstrate that there is a genuine issue of material fact in order to preclude summary judgment. *Matsushita*, *supra*.

## II.  DISCUSSION

### A.  Future Application of the Alabama Community Notification Act

Cameron is scheduled for parole consideration in March of 2009. Thus, the instant claims challenging the constitutionality of the Alabama Community Notification Act relate to possible future application of the Act. Under the facts of this case and applicable federal law, the court concludes that these claims are not ripe for adjudication. *Kirby v. Siegelman*, 195 F.3d 1285, 1289-1290 (11th Cir. 1999).

> As part of the "case or controversy" requirement of Article III, a party must suffer injury or come into immediate danger of suffering an injury before challenging a statute. *See O'Shea v. Littleton*, 414 U.S. 488, 494, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974). Essentially, the ripeness requirement "prevent[s] the courts, through the avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). The ripeness requirement prevents courts from interfering with legislative enactments before it is necessary to do so, and enhances

judicial decision-making by ensuring that cases present courts with an adequate record for effective review. *Id.* Ripeness requires the weighing of two factors: (1) the hardship to the parties of withholding court consideration; and (2) the fitness of the issues for judicial review. *Id.* at 139, 87 S.Ct. 1507.

In *Artway v. Attorney General of State of N.J.,* 81 F.3d 1235 (3rd Cir. 1996), the Third Circuit thoroughly examined the ripeness requirement as applied to New Jersey's community notification law. *Artway* involved a convicted sex offender who sought an injunction against the enforcement of a New Jersey statute requiring certain convicted sex offenders to register with local law enforcement officials. Additionally, the statute provided for community notification upon the release of certain sex offenders. The district court upheld the registration component of the statute, but enjoined enforcement of the community notification provision. On appeal, the Third Circuit held that the challenge to the notification aspects of the statute was not ripe. We agree with the reasoning of the Third Circuit, and follow its analysis in considering the State's argument that [the plaintiff's constitutional] challenges are not ripe.

195 F.3d at 1289-1290.

Cameron is serving a sentence of life imprisonment and is not presently scheduled for release from confinement. Whether Cameron will ever be released from prison and required to comply with the requirements of the Act is likewise a matter of pure speculation. His challenges to the constitutionality of the Act therefore allege a merely speculative threat of injury. This court "may not pass upon hypothetical matters." *Kirby*, 195 F.3d at 1290. The court further finds that Cameron "faces no hardship from [this court's] denying review of his ... challenge[s] at this point; he is not going anywhere and his prior ... conviction record is not going to change." *Id*. The defendant is therefore

entitled to summary judgment on this claim.

## B. Prison Classification

Cameron complains that his internal classification as a sex offender based on his 1976 conviction for a crime against nature (sodomy) violates his constitutional right to due process and deprives him of the opportunity to qualify for several favorable prison programs. The remaining defendant in this cause of action is Troy King, the Attorney General for the State of Alabama. Defendant King is in no way involved with prison classification decisions as these decisions are the sole function of correctional officials. The language of 42 U.S.C. § 1983 requires proof of an affirmative causal connection between the actions taken by a defendant and the alleged constitutional deprivation. *Jones v. Preuit & Mauldin*, 851 F.2d 1321 (11th Cir. 1988). The record is devoid of evidence demonstrating existence of the requisite causal connection between any action of defendant King and Cameron's prison classification and it is clear that no such evidence exists.[1]

To the extent Cameron premises his claims against defendant King on the basis of King's position as Attorney General, Cameron is likewise entitled to no relief as the law is well settled that a defendant cannot be held liable in an action brought pursuant to 42 U.S.C. § 1983 under the theory of respondeat superior or on the basis of vicarious liability. *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690-92, 98 S.Ct. 2018, 2036, 56 L.Ed.2d

---

[1]The court notes that due process is not required prior to classification of an inmate convicted of a sex offense as a sex offender. *Cf. Kirby*, 195 F.3d at 1292 (Only an inmate "never ... convicted of a sex crime is entitled to due process before the state declares him to be a sex offender.").

611 (1978); *Harris v. Ostrout*, 65 F.3d 912, 917 (11th Cir. 1995); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994); *LaMarca v. Turner,* 995 F.2d 1526, 1538 (11th Cir.1993), *cert. denied,* 510 U.S. 1164, 114 S.Ct. 1189, 127 L.Ed.2d 539 (1994).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the defendant's motion for summary judgment be granted and that this case be dismissed with prejudice.

It is further

ORDERED that  on or before May 14, 2007 the parties may file objections to this Recommendation.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981,

*en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 1st day of  May, 2007.


/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE